■ In the Matter of Gretchen Hazell, Petitioner, v New York State Division of Housing and Community Renewal, Respondent. [673 NYS2d 311] —Determination of respondent New York State Division of Housing and Community Renewal, dated June 26, 1996, which, after a hearing, found that petitioner, in her capacity as President of the Board of Directors of the Riverbay Corporation, had violated Business Corporation Law § 701, Private Housing Finance Law § 32 (1) and 9 NYCRR 1728-1.3, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by an order of the Supreme Court, Bronx County [Lucindo Suarez, J.], entered on or about March 25, 1997) dismissed, without costs.

Since there is substantial evidence to support respondent's findings that various acts performed by petitioner as President of the Board of Directors of the Riverbay Corporation were unauthorized and, indeed, in violation of the law, petitioner's application to annul the determination on evidentiary grounds must be denied (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Petitioner's additional assertion that respondent violated rules that it promulgated to ensure fair adjudication in an agency possessing both prosecutorial and adjudicative

power finds no support in the record, and, in any event, the record discloses that petitioner's hearing was fair, both in its conduct and its outcome (*see, Matter of Children of Bedford v Petromelis,* 77 NY2d 713, 723-724, *vacated on other grounds* 502 US 1025).

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.